UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LILLIAN D. GADDY,<br>                    Appellant, | DOCKET NUMBER<br>AT-0752-14-0313-I-1 |
|                     v. | |
| DEPARTMENT OF LABOR,<br>                    Agency. | DATE: September 15, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chungsoo J. Lee, Feasterville Trevose, Pennsylvania, for the appellant.

Amy R. Walker, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The agency removed the appellant from her position as a GS-11 Claims Examiner effective May 5, 2012, for poor performance.  Initial Appeal File (IAF), Tab 5 at 38-39.  The appellant appealed her removal to the Board, which the parties resolved through a last chance settlement agreement (LCA).  *Id.* at 40-50. Pursuant to the LCA, the appellant agreed that if she failed to achieve a performance rating of at least "minimally successful" by the end of fiscal year (FY) 2013, her removal would be reinstated immediately and she would not be entitled to an advanced notice period or the opportunity to respond.  *Id.* at 43-44. The LCA further provided that the appellant waived her right to appeal the reinstated removal to the Board.  *Id.* at 44.  The administrative judge found the LCA to be lawful on its face, that the appellant represented that she understood the agreement and that she entered into it voluntarily, and the administrative judge entered it into the record for purposes of enforcement by the Board in a September 21, 2012 initial decision dismissing the case as settled.  *Gaddy v.*

*Department of Labor*, MSPB Docket No. AT-0432-12-0550-I-1, Initial Decision at 1-2 (Sept. 21, 2012).

¶3    On November 18, 2013, the agency reinstated the removal action effective November 21, 2013, based on the appellant's failure to meet the minimum level of acceptable performance for FY 2013, as stipulated in the LCA.[2]  IAF, Tab 5 at 65.  The appellant filed a new appeal of the reinstated removal to the Board, alleging that it was improper because she "did not fail all of [her] standards."  IAF, Tab 1 at 6.  In support, she provided a "Quarter FY-10 Operations Summary Report for Unit H," which she had apparently prepared, and a brief timeline of her employment with the agency from 2005 through the date of her removal.  *Id.* at 5-8.  The appellant further argued that the removal action was based on discriminatory and retaliatory motivations and "pretext associated with the improper Last Chance Agreement."  *Id.* at 5.  The agency moved to dismiss the appeal for lack of Board jurisdiction, as the appellant had waived her right to appeal the reinstated removal in the LCA.  IAF, Tab 5.  The administrative judge issued a jurisdictional order explaining that the Board may not have jurisdiction over the appeal given the appeal rights waiver in the LCA.  IAF, Tab 7.  The appellant responded that the Board should find jurisdiction because the appeal rights waiver was essentially invalid and unenforceable, and because the agency breached the LCA when it reinstated her removal 2 days prior to the date of the November 20, 2013 unsatisfactory performance rating.  IAF, Tab 8 at 4-11.

¶4    In an April 10, 2014 initial decision, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to establish that the appeal rights waiver was invalid or unenforceable, or that the agency had materially breached the LCA.  IAF, Tab 9, Initial Decision at 3-4.

---

[2] The appellant's performance appraisal and rating dated November 20, 2013, reflects that the appellant's performance for the period from October 1, 2012, to September 30, 2013, was rated as unsatisfactory.  IAF, Tab 5 at 55-62.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The appellant filed a petition for review of the April 10, 2014 initial decision, arguing again that the Board should find jurisdiction to review her removal because the appeal rights waiver was invalid and unenforceable, and because the agency had breached the LCA.  Petition for Review (PFR) File, Tab 1.  The agency responded that the appellant failed to establish a basis for Board review.  PFR File, Tab 3.

¶6      The Board does not have jurisdiction over a personnel action taken pursuant to an LCA in which an appellant waives her right to appeal to the Board.  *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007); *Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 7 (2005), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006).  The appellant bears the burden of proving that her appeal is within the Board's jurisdiction.  *Rosell*, 100 M.S.P.R. 594, ¶ 7.  To establish that a waiver of appeal rights in an LCA should not be enforced an appellant must show one of the following:  (1) she complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) she did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake.  *Willis*, 105 M.S.P.R. 466, ¶ 17.  Where an appellant raises a nonfrivolous factual issue of compliance with an LCA, the Board must resolve that issue before addressing the scope and applicability of a waiver of appeal rights in the LCA.  *Id.*, ¶ 18; *Zordel v. Department of Defense,* 99 M.S.P.R. 554, ¶ 13 (2005).  Further, where an appellant makes a nonfrivolous allegation of fact that she did not breach an LCA, a jurisdictional hearing is warranted to resolve the issue of compliance.  *Gibbons v. Department of Agriculture*, 74 M.S.P.R. 33, 36 (1997).  Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Willis*, 105 M.S.P.R. 466, ¶ 18.

¶7      First, the appellant has failed to make a nonfrivolous allegation that she did not breach the LCA.  On review, the appellant does not allege that she complied

with the LCA by achieving a performance rating of at least minimally satisfactory by the end of FY 2013. *See* PFR File, Tab 1. Although she generally disputed her unsuccessful performance rating below, she failed to nonfrivolously allege that she did not breach the LCA because her performance was at least minimally satisfactory by the end of FY 2013. *See* IAF, Tab 1 at 6 ("I did not fail all of my standards"), Tab 8 at 6 ("Appellant rigorously disputes the [performance] rating"), 56, ¶ 30 ("I dispute the rating of 'unsatisfactory' performance"). Even if proven true, these allegations would not establish that the appellant had satisfactory performance, but only that she disagrees with the rating. Further, the operations summary report from FY 2010, even if proven true, does not constitute a nonfrivolous allegation that the appellant had satisfactory performance in FY 2013. As such, these vague allegations do not constitute a nonfrivolous allegation that she complied with the LCA and are insufficient to warrant a jurisdictional hearing to resolve the issue of compliance.

¶8        Second, the appellant's arguments that the agency materially breached the LCA are unpersuasive. On review, the appellant argues that the agency violated the LCA by reinstating her removal 2 days prior to issuing the unsatisfactory performance rating and because the rating was never "finalized," as it lacks the reviewing official's signature. PFR File, Tab 1 at 6-7. For an appellant to prove Board jurisdiction over an appealable matter on the basis that an agency breached an LCA, she must establish that the agency breached the agreement in a material way, regardless of motive, or otherwise breached the agreement by acting in bad faith. *Link v. Department of Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995). A breach is material when it relates to matters of vital importance, or goes to the essence of the contract. *Gilbert v. Department of Justice*, 334 F.3d 1065, 1071 (Fed. Cir. 2003). We do not find that reinstating the appellant's removal 2 days prior to issuing the unsatisfactory performance rating, or the fact that it was not signed by the reviewing official, are of vital importance to the contract. Further, we do not find that these allegations indicate that the agency acted in bad faith.

We therefore agree with the administrative judge that the agency did not materially breach the LCA.

¶9        Finally, we will not consider whether the LCA was involuntary or the result of fraud or mutual mistake.  On July 30, 2014, the Clerk of the Board issued a show cause order to the appellant instructing her to clarify the basis of her petition for review; specifically, whether she sought to challenge the validity of the LCA.  PFR File, Tab 4.  The show cause order advised that an attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the case as settled.  *Id.*; *see Weldon v. Department of Veterans Affairs*, 119 M.S.P.R. 478, ¶ 5 (2013); *Lange v. Department of the Interior*, 98 M.S.P.R. 146, ¶ 3 (2005).  As such, to the extent the appellant was seeking to challenge the validity of the LCA, the order explained that the Clerk of the Board would docket her filing as a petition for review of the September 21, 2012 initial decision dismissing the case as settled and allow her an opportunity to show good cause for the untimely challenge to the LCA.  PFR File, Tab 4 at 2.  The order further provided that if the appellant failed to respond within 15 days, the Board would conclusively determine that she has decided not to contest the validity of the settlement agreement.  *Id.* at 2-3.  The Board did not receive any response from the appellant.  Accordingly, we have conclusively determined that the appellant does not seek to challenge the validity of the LCA and, for the purposes of this appeal, it is presumed valid and enforceable.

¶10        Based on the above, we agree with the administrative judge that the Board lacks jurisdiction to review the appellant's reinstated removal, as the appellant failed to establish that the appeal rights waiver in the LCA should not be enforced.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.