**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN THOREEN,
    Appellant,

   v.

DEPARTMENT OF THE ARMY,
    Agency.

DOCKET NUMBER
DC-315H-16-0078-I-1

DATE: April 18, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Thoreen</u>, Culpeper, Virginia, pro se.

<u>Andrea Blake Saglimbene</u>, Esquire, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency appointed the appellant to the competitive-service position of Supervisory Industrial Engineer. Initial Appeal File (IAF), Tab 1 at 7-8. Less than 1 year later, it terminated his employment during his probationary period for misconduct. *Id.* at 7-11. The appellant filed this appeal, challenging his termination and alleging that it was based on his marital status, and requested a hearing. *Id.* at 1-6.

¶3 The administrative judge issued an order advising the appellant of his burden to prove that the Board has jurisdiction over his probationary termination appeal, and he ordered the parties to respond. IAF, Tab 3 at 2-5. After neither party responded, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 1 at 2, Tab 5, Initial Decision (ID) at 1, 7. The administrative judge found that the appellant did not have a statutory right of appeal under 5 U.S.C. chapter 75, or a regulatory right of appeal under 5 C.F.R. §§ 315.805-806. ID at 5-7.

¶4      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant has the burden of establishing that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). A probationary employee in the competitive service who has not completed 1 year of current continuous service, such as the appellant, has no statutory right of appeal to the Board. 5 U.S.C. § 7511(a)(1)(A) (defining a competitive-service employee with adverse action appeal rights); *Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 4 (2012). However, a probationary employee in the competitive service may appeal a termination if he alleges that it was based on partisan political reasons or marital status discrimination. *Marynowski*, 118 M.S.P.R. 321, ¶ 4; 5 C.F.R. § 315.806(b).

¶6      On review, the appellant does not challenge the administrative judge's well-reasoned conclusion that he lacks a statutory right to appeal his termination under chapter 75 of title 5, ID at 5-6; PFR File, Tab 1, and we discern no reason to disturb this finding on review. Rather, the appellant reiterates his contention that his probationary termination was based on marital status discrimination. PFR File, Tab 1.

¶7      In determining whether an appellant has established jurisdiction under 5 C.F.R. § 315.806(b), the Board follows a two-step process. *Marynowski*, 118 M.S.P.R. 321, ¶ 5; *see Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (finding that, in an adverse action appeal, once an appellant makes a nonfrivolous claim of Board jurisdiction, he then has a right to a hearing at which he must prove jurisdiction by preponderant evidence). First, the appellant must make nonfrivolous claims of jurisdiction, i.e., factual

allegations that, if proven, would establish that his termination was based on partisan political reasons or marital status discrimination. *Marynowski*, 118 M.S.P.R. 321, ¶ 5. An appellant who makes such nonfrivolous claims is entitled to a jurisdictional hearing at which he then must prove the basis for jurisdiction, i.e., that his termination was based on partisan political reasons or marital status discrimination, by a preponderance of the evidence. *Id.* To make a nonfrivolous allegation of marital status discrimination, an appellant must allege facts that, taken as true, would show that he was treated differently because of his marital status or facts that go to the essence of his status as married, single, or divorced. *Id.*, ¶ 9.

¶8        We agree with the administrative judge that the appellant's allegations, taken as true, do not reflect that he was terminated because of his status as a married individual. ID at 6-7. Below, the appellant identified his manager as "[s]ingle," and alleged that his manager ceased actively mentoring him after 4 months, when the appellant's wife's declining medical condition required him to transport her for medical care. IAF, Tab 1 at 5. On review, the appellant alleges that his manager showed "bias" as the demands of the appellant's wife's medical condition and his son's college work increased. PFR File, Tab 1 at 3. He states that his manager also exhibited bias towards another employee, J.D., after 6 months of employment. *Id.* He attributes this bias to J.D.'s increased family demands and to allegations of sexual harassment made against J.D. by "[t]he women within [his unit]." *Id.*

¶9        The appellant's allegations of marital status discrimination do not rise to the level of a nonfrivolous allegation of jurisdiction. *See Bedynek-Stumm v. Department of Agriculture*, 57 M.S.P.R. 176, 178-79 (1993) (finding that the appellant's allegation that his female coworker disliked him because he was single, and therefore made false statements and sabotaged his work, was insufficient to meet his jurisdictional burden); *cf. Ellis v. Department of the Treasury*, 81 M.S.P.R. 6, ¶ 13 (1999) (finding that the appellant provided specific

assertions detailing his supervisor's interest in the appellant as an unmarried male).  Without more, the appellant's references to management decisions appear unrelated to his marital status; therefore, his allegations are insufficient to meet his jurisdictional burden.  *See Bedynek-Stumm*, 57 M.S.P.R. at 178-79.

¶10      Accordingly, we affirm the initial decision that dismissed the appeal for lack of jurisdiction.[2]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law and other sections of the U.S. Code, at our

---

[2] In light of the Board's finding that it lacks jurisdiction over the appeal, we need not address the issue of the timeliness of the petition for review.  *See Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005) (explaining that if the Board clearly lacks jurisdiction over an appeal, and the existing record suggests that the question of timeliness is close, the better practice is to dismiss the case for lack of jurisdiction), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006).

website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.