# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TYLER A. MELLICK,
        Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
        Agency.

DOCKET NUMBER
SF-0752-16-0121-I-1

DATE: July 8, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Brook L. Beesley</u>, Alameda, California, for the appellant.

<u>Felippe Moncarz</u>, Esquire, Boise, Idaho, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency removed the appellant from the position of Electrician based on his violation of a last−chance settlement agreement (LCA) provision that, during the 2-year term of the agreement, he would comply with all applicable rules, management directives/instructions, regulations, policies, and laws required of him by the agency, and that any misconduct that would warrant a suspension or greater discipline would be a breach.[2] Initial Appeal File (IAF), Tab 7, Subtab 4 at 19, 83. Specifically, the agency charged the appellant with four acts of misconduct that violated the agreement: (1) ranting at a coworker during a meeting using obscene language; (2) failing to follow a supervisory instruction to return to the meeting after he left; (3) placing the only working elevator on hold, endangering others who might need the elevator in an emergency; and (4) putting his arms around a coworker and licking his ear. *Id*. at 21.

¶3 The appellant appealed the agency's action. IAF, Tab 1. He asserted that he was provoked by coworkers into the actions listed in the agency's charges, and thus he did not breach the LCA, and the agency did not restrain the coworkers despite the appellant's request for help. *Id*. He also asserted that the agency committed a due process violation by denying his request for an extension to reply to the notice that he had breached the LCA. *Id*. During proceedings below, the appellant alleged further that the agency breached the agreement by revealing its terms to his coworkers. IAF, Tab 6.

¶4 In his initial decision, the administrative judge found that the appellant failed to show that he complied with the LCA, and that therefore, the waiver of Board appeal rights in the agreement was enforceable. IAF, Tab 9, Initial Decision (ID) at 9. Further, the administrative judge found that the appellant failed to show that the agency breached the agreement by disclosing its existence

---

[2] The parties entered into the LCA to resolve a Board appeal of the appellant's removal. *Mellick v. Department of the Interior*, MSPB Docket No. SF-0752-15-0111-I-1, Initial Decision (Mar. 5, 2015).

to the appellant's coworkers or acted in bad faith by allowing employees to provoke the appellant.  ID at 9-11.  Finally, the administrative judge found that, without jurisdiction over the appeal, he could not address the appellant's allegations of disability discrimination, reprisal for filing an equal employment opportunity complaint, and due process violations.  ID at 11–12.

¶5        In his petition for review, the appellant alleges that the administrative judge erred by weighing conflicting assertions as dispositive at the jurisdictional stage to find that the appellant failed to make a nonfrivolous allegation of fact that he did not engage in the charged misconduct.  He contends further that the removal was a new adverse action, not the reinstatement of the adverse action that led to and resulted in the LCA, and thus he was denied due process to reply to the new adverse action.  He also reasserts that the agency breached the confidentiality of the agreement by revealing some of its terms to his coworkers, and the administrative judge erred by not allowing or rejecting any consideration for the appellant to conduct discovery on the issue.  Petition for Review File, Tab 1.

¶6        The Board does not have jurisdiction over a personnel action taken pursuant to an LCA in which an appellant waives his right to appeal to the Board.  *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007); *Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 7 (2005), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006).  To establish that a waiver of appeal rights in an LCA should not be enforced, an appellant must show one of the following:  (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake.  *Willis*, 105 M.S.P.R. 466, ¶ 17.

¶7        As noted, the appellant argues that the administrative judge erred in weighing the parties' evidence concerning whether the appellant made a nonfrivolous allegation that he did not breach the LCA regarding the sole charge that the administrative judge adjudicated; namely, that he ranted at a coworker during a meeting using obscene language.  A nonfrivolous allegation is an

allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal. *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 18 (2010); *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Weed*, 113 M.S.P.R. 221, ¶ 19; *Ferdon*, 60 M.S.P.R. at 329.

¶8    The appellant contends that his not remembering whether he disrupted the staff meeting, combined with his supervisor not mentioning that the appellant used profanity at the meeting, rises to the level of a nonfrivolous allegation of fact entitling him to a jurisdictional hearing. We find, however, that even if the appellant could prove his assertion of fact—that he cannot remember his actions at the meeting—and that this assertion could be considered with the supervisor's sworn statement, it does not constitute a nonfrivolous allegation that he did not act as charged. Two witnesses' statements indicate that the appellant used profanity during a rant at the meeting. IAF, Tab 7 at 27−30. The supervisor's statement is not inconsistent with these two other statements. He stated that, during the meeting, the appellant stood up, was quite loud, and yelled at a coworker. *Id*. at 31. Thus, the administrative judge properly considered the agency's evidence in support of its charge and found that the agency proved the charged misconduct through the generally consistent statements of three employees who were present at the meeting and could observe the appellant's behavior. *Id*. at 27−31; *see Weed*, 113 M.S.P.R. 221, ¶ 19; *Ferdon*, 60 M.S.P.R.

at 329. Under these circumstances, we find that the administrative judge properly found that the appellant breached the LCA.

¶9    The appellant asserts that the removal was a new adverse action, not the reinstatement of the adverse action that led to and resulted in the LCA and thus he was denied due process by not being allowed to reply to the new adverse action. The appellant raises this argument for the first time on petition for review. Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has made no such showing, and so we need not address it.

¶10    In any event, even if we were to address it, the appellant's assertion is unavailing. The LCA did not provide that, in the event of breach, the agency would reinstate the removal action that was settled by the LCA. Rather, the LCA provides that, if the appellant commits one infraction or incident of misconduct of any type that would merit disciplinary action of suspension or higher and he does not submit a voluntary resignation, the agency would separate him for violating the LCA. IAF, Tab 7 at 83. *Cf. Fiori v. U.S. Postal Service*, 104 M.S.P.R. 278, ¶ 7 (2006) (finding that an employee may waive the right to appeal a disciplinary action to the Board in an LCA; however, the Board may have jurisdiction over an appeal where an agency has effected a new and different action that was not subject to the waiver).

¶11    As noted, the appellant contends that the agency breached the confidentiality of the agreement by revealing some of its terms to his coworkers. The administrative judge correctly found that there is no confidentiality term in the LCA itself. *See* IAF, Tab 7 at 83. However, the LCA was attached and incorporated by reference into the settlement of the Board appeal of the appellant's removal, *Mellick v. Department of the Interior*, MSPB Docket No. SF-0752-15-0111-I-1. The settlement agreement, which was submitted into

the record (with the LCA) and made enforceable by the Board, provides that "[t]he parties agree to keep the terms and conditions of the Settlement Agreement confidential and will not release its contents." IAF, Tab 7 at 81, 83−85 (Exhibit A). Under these circumstances, we find that the terms of the LCA were an integral part of the settlement agreement and were subject to the agreement's confidentiality provision.

¶12    The agency's promise of confidentiality regarding the terms and facts of an agreement goes to the essence of the settlement. *Thomas v. Department of Housing & Urban Development*, 124 F.3d 1439, 1442 (Fed. Cir. 1997). When a party to a settlement agreement materially breaches the confidentiality term of the agreement, the nonbreaching party may elect either to enforce the terms of the agreement or to rescind the agreement and reinstate the appeal. *Powell v. Department of Commerce*, 98 M.S.P.R. 398, ¶ 14 (2005); *Betterly v. Department of Veterans Affairs*, 47 M.S.P.R. 63, 66 (1991).

¶13    If the appellant's contention—that the agency breached the confidentiality provision when the Power Manager told some agency employees of the appellant's LCA—were true, IAF, Tab 6, such a breach would be material because it defeats the obvious purpose of the provision to prevent other employees from gaining knowledge of the agreement's terms, *Diehl v. U.S. Postal Service*, 82 M.S.P.R. 620, ¶ 8 (1999). The appellant's allegation of fact, if proven, could establish a prima facie case that the agency breached the confidentiality provision of the settlement agreement and that the Board has jurisdiction over the appeal. In other words, the appellant's allegation constitutes a nonfrivolous allegation of Board jurisdiction, and he is entitled to a jurisdictional hearing. *See, e.g.*, *Burrell v. Environmental Protection Agency*, 81 M.S.P.R. 427, ¶ 15 (1999).

¶14    Further, the appellant is entitled to engage in discovery regarding the issue of whether the agency breached the settlement agreement. Nothing contradicts the appellant's assertion that he initiated discovery regarding the alleged breach.

In his response to the jurisdictional show-cause order, the appellant stated that he was unable to provide additional jurisdictional information because he had not received a response to his outstanding discovery request. IAF, Tab 6. Under some circumstances, prior to holding a jurisdictional hearing, an administrative judge may afford the parties a reasonable opportunity to complete discovery and order the parties to submit any other evidence that they deem necessary to adjudicate the jurisdictional issue. On remand, the administrative judge here shall allow the parties an opportunity to engage in discovery on the question of agency breach.

¶15    Consistent with this Remand Order, the administrative judge shall issue a new initial decision that makes a finding as to whether the appellant established that the agency breached the confidentiality term of the settlement. *Id*. However, if the appellant meets his burden, an order of enforcement with the terms of the agreement would not be an effective remedy when, as here, the agency already has established that the appellant violated the LCA.[3] *Diehl*, 82 M.S.P.R. 620, ¶ 14. Therefore, if the appellant meets his burden to show that the agency breached, he is entitled to rescind the agreement and reinstate his removal appeal.

---

[3] The clean hands doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945); *Special Counsel v. Filiberti*, 27 M.S.P.R. 37, 39 (1985) (explaining that the clean hands doctrine holds that "the person who seeks equity must do equity"), *modified on other grounds*, 27 M.S.P.R. 577 (1985).

We believe, on remand, that application of the "unclean hands" doctrine could be appropriate in this matter. The allegation that the agency breached the agreement before it became aware of the appellant's breach, and the agency's purported breach violating the confidentiality provision would, if proven, clearly be a material one. Under these circumstances, we conclude that the agency's actions would be tainted with inequitableness or bad faith relative to the matter in which it sought relief, however improper may have been the behavior of the appellant. *See Precision Instrument Manufacturing Co.*, 324 U.S. at 814.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: _____
                              Jennifer Everling
                              Acting Clerk of the Board

Washington, D.C.