UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

PARRISH F. WEAVER,

          Appellant,

       v.

DEPARTMENT OF LABOR,

          Agency.

DOCKET NUMBER
DC-315H-16-0392-I-1

DATE: May 19, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Norman Jackman</u>, Esquire, Lincoln, New Hampshire, for the appellant.

<u>Beth Heleman</u>, Esquire and <u>Christine Han</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        On February 25, 2016, the appellant filed an appeal of his January 26, 2013 termination from his Procurement Analyst position during his 1-year probationary period for poor performance, excessive tardiness, and excessive absences. Initial Appeal File (IAF), Tab 1 at 4, Tab 9 at 2, Tab 11 at 13-15. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant did not allege that he is an employee who has a statutory right of appeal to the Board under 5 U.S.C. chapter 75 or that his termination was based upon either partisan political reasons or marital status, which would give rise to a regulatory right of appeal under 5 C.F.R § 315.806(b).[2]  IAF, Tab 14, Initial Decision (ID) at 5. Additionally, the administrative judge found that the Board lacks jurisdiction pursuant to 5 C.F.R. § 315.806(c) because the appellant was terminated for postappointment reasons. ID at 4-5. Finally, the administrative judge found that, absent an otherwise appealable action, the Board lacks jurisdiction to consider the appellant's allegations that the agency committed harmful error by failing to

---

[2] The administrative judge did not address the timeliness of the appeal. IAF, Tab 14 at 2 n.1. Because we agree with the administrative judge's finding that the Board lacks jurisdiction, we similarly decline to address the timeliness issue. *See, e.g.*, *Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006).

comply with the notice provisions of its collective bargaining agreement and it committed sexual harassment and falsified Government documents in terminating him. ID at 5. For the reasons set forth in the initial decision, we agree with the administrative judge that the Board lacks jurisdiction over the appeal.

¶3     On review, the appellant argues for the first time that his termination was based on his marital status and resulted because he was not part of his supervisor's "singles clique." Petition for Review (PFR) File, Tab 1 at 4-8. To support his argument, he submits numerous documents for the first time on review, including, among other things, three employee declarations, his 2012 performance rating, a 2012 training certificate, and a January 10, 2013 cash award. *Id.* at 15-52. The Board will not consider evidence or argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see* 5 C.F.R. § 1201.115(d). To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite the appellant's due diligence when the record closed.[3] *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989); *see* 5 C.F.R. § 1201.115(d).

¶4     Despite receiving notice of the Board's jurisdictional requirements, IAF, Tab 9, the appellant did not argue below that his termination was based on his marital status. On review, the appellant asserts that he failed to raise such an argument because he suffers from severe health and mental problems, which cause an inability to focus and articulate thoughts. PFR File, Tab 4 at 4-6. We

---

[3] The appellant also submits additional documents, such as a copy of a security clearance investigation, which he previously submitted below. PFR File, Tab 1 at 17-19. Evidence that is already a part of the record is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

find that the appellant has not established that his health problems impaired his ability to adequately pursue his appeal below. The appellant was represented by counsel below and submitted argument concerning the circumstances surrounding his termination and the Board's jurisdiction. Moreover, he has not submitted any medical documentation regarding his medical condition or how it prevented him from raising certain arguments during the proceedings below. Accordingly, we decline to consider the appellant's new argument and evidence for the first time on review.

¶5        On review, the appellant also asserts that there is no evidence to support the agency's contention in his termination notice of his poor performance because he received a satisfactory performance rating and a cash award. PFR File, Tab 1 at 9. He also contends that he was not absent from work as charged, but rather, attending three offsite training courses. *Id.* at 9-10. These arguments pertain to the merits of the termination decision, rather than the Board's jurisdiction over the appeal, and do not provide a basis to disturb the initial decision. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (finding that a decision on the merits would be a nullity in the absence of Board jurisdiction); *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that an appellant's arguments on review regarding the merits of an agency action were not relevant to whether the Board has jurisdiction over an appeal).

¶6        Accordingly, for the reasons discussed above, we deny the appellant's petition for review and affirm the initial decision dismissing his probationary termination appeal for lack of jurisdiction.[4]

---

[4] The appellant filed several motions for leave to file an additional pleading. PFR File, Tabs 6, 8, 12. In these motions, he seeks leave from the Board to submit evidence concerning a second background investigation following his termination, which he summarily contends "validates [his] nonfrivolous allegation as stated in his PFR." PFR File, Tab 12 at 4. Although the evidence that the appellant seeks leave to submit appears to postdate the initial decision, he has failed to explain how it would warrant an

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

outcome different from the initial decision or would establish Board jurisdiction over his appeal. Accordingly, the appellant's motions for leave to submit additional evidence and argument on review are denied.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e‑5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:    /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.