**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRISTOPHER ROBINSON,<br>Appellant, | DOCKET NUMBER<br>PH-315H-20-0373-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: May 25, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Robinson</u>, Rochester, New Hampshire, pro se.

<u>Matthew L. Schmid</u>, Portsmouth, New Hampshire, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        On petition for review,[2] the appellant does not challenge the administrative judge's findings that he failed to make a nonfrivolous allegation that the Board had jurisdiction over his appeal and that he acknowledged that he was terminated during his probationary period.  Petition for Review (PFR) File, Tab 1 at 4-6; Initial Appeal File (IAF), Tab 5, Initial Decision (ID) at 2-4.  The appellant also does not challenge the administrative judge's finding that the agency satisfied the regulatory requirement of providing written notice of the termination.  PFR File, Tab 1 at 4-6; ID at 4; *see* 5 C.F.R. § 315.804(a) (stating that, when an agency terminates an employee serving a probationary or trial period because of performance or conduct, it must provide the employee written notice as to why he is being separated and the effective date of the action).  Rather, the appellant

---

[2] The appellant filed his petition for review 1 day after the presumptive date on which the initial decision became final, and the Acting Clerk of the Board issued an acknowledgment letter informing the appellant that his petition appeared to be untimely.  Petition for Review File, Tab 3 at 1-2.  In light of the Board's finding that it lacks jurisdiction over the appeal, we need not address the issue of the timeliness of the petition for review.  *See Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005) (explaining that, when the Board clearly lacks jurisdiction over an appeal, and the existing record suggests that the question of timeliness is close, the better practice is to dismiss the case for lack of jurisdiction), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006).

repeats his arguments about the merits of his termination and maintains that it was related to his mental health issues. PFR File, Tab 1 at 5; IAF, Tab 1 at 14. He states that he has been "struggling to find legal representation" and translation support for his appeal, as he is deaf and uses American Sign Language. PFR File, Tab 1 at 4. Finally, the appellant requests from the Board "more time to explain [his] jurisdiction about why [he] was wrongly terminated." *Id.*

¶3 At the time of the appellant's May 28, 2019 appointment, in order to qualify as an "employee" of the Department of Defense with Board appeal rights under chapter 75, an individual appointed to the competitive service had to show that he was not serving a probationary period or had completed 2 years of "current continuous service" under appointment to a permanent position. [3] 5 U.S.C. § 7511(a)(1)(A)(ii); 10 U.S.C. § 1599e; *Bryant v. Department of the Army*, 2022 MSPB 1, ¶¶ 8-10 (finding that the appellant, who was appointed to a competitive service position at the Department of the Army while 10 U.S.C. § 1599e was in effect, was subject to a 2-year probationary period); IAF, Tab 4 at 42. For purposes of 10 U.S.C. § 1599e, the "Department of Defense" included the Department of the Navy, the appellant's employing agency. *See Bryant*, 2022 MSPB 1, ¶ 8 n.2.

¶4 Effective May 29, 2020, less than 2 years after his initial appointment, the agency terminated the appellant. IAF, Tab 4 at 38-41. As noted by the

---

[3] Congress enacted the National Defense Authorization Act for Fiscal Year 2016 (2016 NDAA) on November 25, 2015, Pub. L. No. 114-92, 129 Stat. 726. The 2016 NDAA extended the probationary period for an individual appointed to a permanent competitive-service position at the Department of Defense to a 2-year probationary period and provided that such individual only qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) if he has completed 2 years of current continuous service. Pub. L. No. 114-92, § 1105, 129 Stat. 726, 1023-24 (codified as relevant here at 10 U.S.C. § 1599e and 5 U.S.C. § 7511(a)(1)(A)(ii)). The National Defense Authorization Act for Fiscal Year 2022, enacted on December 27, 2021, repealed 10 U.S.C. § 1599e and the 2-year probationary period, effective December 31, 2022. Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950.

administrative judge, the appellant acknowledged that he had not completed his probationary period at the time of his termination.  ID at 3; IAF, Tab 1 at 1, 3.  Moreover, the appellant has not alleged that he had 2 years of current continuous service, and he stated in his initial appeal form that his length of Government service was 1 year.  IAF, Tab 1 at 1.

¶5      Finally, there is no regulatory basis for his appeal under the provisions set forth in 5 C.F.R. part 315, subpart H.  Although the appellant repeats on review his allegations that his termination was related to his mental health condition, a probationary employee may file a termination appeal alleging disability discrimination only if the discrimination is raised in addition to allegations that the action is based on marital status or for partisan political reasons, or because of conditions arising before appointment to the position in question.  PFR File, Tab 1; IAF, Tab 1 at 14; *see* 5 C.F.R. §§ 315.805-.806(b)-(d).  The appellant has raised no allegations on appeal or review relevant to the limited regulatory right of appeal for probationers in the competitive service.  PFR File, Tab 1 at 5; IAF, Tab 1 at 14.  Therefore, we agree with the administrative judge that the appellant has not raised nonfrivolous allegations that the Board has jurisdiction over his appeal.  ID at 4; *see Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (stating that an appellant is entitled to a jurisdictional hearing if he presents nonfrivolous allegations of Board jurisdiction).

¶6      Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.