NOTE: Pursuant to Fed. Cir. R.47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3139

DEBORAH A. ROSELL,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: August 14, 2006

_____

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) affirmed the Department of Defense's (Agency) decision to remove Deborah A. Rosell from her from her GS-15 Security Specialist position. See Rosell v. Dep't of Def., DC-0752-04-0571-I-1 (M.S.P.B. Oct. 5, 2004) (Initial Decision); Rosell v. Dep't of Def., DC-0752-04-0571-I-1 (M.S.P.B. Dec. 8, 2005) (Final Decision). Finding no reversible error, this court affirms.

I

On January 10, 2003, Ms. Rosell entered into a "Last Chance Agreement" (LCA). The LCA held a November 12, 2002 Notice of Decision on Proposed Removal (2002 Notice of Decision) in abeyance as long as Ms. Rosell complied with all terms of the LCA. The 2002 Notice of Decision was a result of Ms. Rosell testing positive for

cocaine metabolites during a random urinalysis testing. The LCA required Ms. Rosell to, among other things, submit to a total of twenty-eight random drug urinalyses and test negative for illegal drug use over the course of the succeeding nineteen months. The LCA also required her to cooperate fully with the Agency, and to authorize the release of all reasonable requests of medical information to the Agency.

Though the LCA was to expire in June 2004, the Agency and Ms. Rosell amended the LCA (Amendment). Because the Agency was reorganizing, it was offering separation initiatives to eligible employees under Voluntary Early Retirement Authority (VERA) and Voluntary Separation Incentive Pay (VSIP). The Amendment facilitated Ms. Rosell's application for early retirement on April 30, 2004, under VERA and VSIP. The Amendment changed the termination date of the LCA to April 30, 2004. The Amendment was signed on April 15, 2004.

On April 19, 2004, Ms. Rosell reported, as ordered, for a random drug urinalysis. On April 22, 2004, Greystone Health Sciences Corporation determined that Ms. Rosell's urine sample again tested positive for cocaine metabolites. On April 30, 2004, Ms. Rosell received the Agency's decision to remove her from employment, effective that date, for violating the LCA. Ms. Rosell appealed the Agency's decision to remove her from employment for violating the LCA.

After granting a petition for review of the Board's <u>Initial Decision</u>, the Board's <u>Final Decision</u> dismissed Ms. Rosell's appeal for lack of jurisdiction because it found she waived her Board appeal rights under the LCA. The LCA executed by Ms. Rosell avers that her:

> <u>acceptance</u> of this LCA is her <u>voluntary, intentional, knowing and unconditional waiver of her rights</u> to grieve pursuant to the Agency's

06-3139                                              2

administrative grievance system . . . or <u>to file an appeal to the Merit Systems Protection Board</u> . . . or <u>appeal a decision of the Board to the U.S. court of Appeals for the Federal Circuit</u>; or raise any claim arising out of this Agreement before a court of competent jurisdiction <u>except [to claim] that the Agency breached this LCA</u>.

(emphases added). The LCA further provided that if Ms. Rosell did not abide by any terms of the LCA, that she would be "in breach of the [LCA] and the Agency [would] <u>implement her removal</u> from federal service <u>pursuant to the November 12, 2002, Notice of Decision on Proposed Removal</u>." (emphases added).

II

Whether the Board has jurisdiction over an appeal is a question of law that this court reviews de novo. <u>Hayes v. United States Postal Serv.</u>, 390 F.3d 1373, 1376 (Fed. Cir. 2004). Ms. Rosell has the burden of establishing jurisdiction before the Board by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2006); <u>Clark v. United States Postal Serv.</u>, 989 F.2d 1164, 1167 (Fed. Cir. 1993). The Board has taken the position that it lacks jurisdiction over adverse actions where, as here, an individual has waived his or her appeal rights in a last-chance agreement. <u>See, e.g.</u>, <u>McCall v. United States Postal Serv.</u>, 839 F.2d 664, 668-69 (Fed. Cir. 1988). It is settled that an employee can waive the right to appeal a last-chance agreement. <u>Gibson v. Dep't of Veterans Affairs</u>, 160 F.3d 722, 725 (Fed. Cir. 1998); <u>McCall v. United States Postal Serv.</u>, 839 F.2d 664, 668 (Fed. Cir. 1988).

However, Ms. Rosell can establish that her waiver of appeal is not enforceable, if she can show one of the following: (1) she complied with the LCA; (2) the Agency materially breached the LCA; (3) she entered into the LCA involuntarily or under duress;

or (4) that the LCA was a result of fraud or mutual mistake. <u>Link v. Dep't of Treasury</u>, 51 F.3d 1577, 1581 (Fed. Cir. 1995); <u>Gibson</u>, 160 F.3d at 725.

Ms. Rosell challenges the validity of the LCA by arguing that her breach of the LCA, which she executed while assigned with a former, now non-existent office, cannot be grounds for removal. She also argues that the 2002 Notice of Decision was improper because her supervisor did not engage in a "formal" decision-making process. Neither argument affects the validity of the LCA.

Ms. Rosell, however, also claims that her April 30, 2004 removal is invalid because it occurred after retirement. However, the separation was effective on April 30, 2004; she received the removal notice on April 30, 2004. Furthermore, her personnel form with a removal, signed on May 17, 2004, does not control the actual date of the Agency removal action. The personnel action occurred on April 30, 2004, when Dr. Linton Wells, the Principal Deputy Assistant Secretary of Defense, approved the decision notice.

Lastly, Ms. Rosell argues that the Medical Review Office violated Agency and Department of Health and Human Services drug testing guidelines by reporting a positive test result without first obtaining review by a medical review officer. However, this sequence of events did not violate the LCA. The LCA contains no requirement that a medical officer review any test results. In fact, under the LCA, Ms. Rosell agreed to "release all reasonable requested medical information to the Agency . . . in order to assure the Agency of her compliance with the LCA."

As a result, as the Board found, none of Ms. Rosell's allegations can establish that she did not waive her appeal rights in the LCA. Therefore, this court affirms the Board's decision to dismiss Ms. Rosell's appeal for lack of jurisdiction.