# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANGELA DAWN WHETTEN-
   HERNANDEZ,
         Appellant,

     v.

DEPARTMENT OF VETERANS
   AFFAIRS,
         Agency.

DOCKET NUMBER
DE-3443-16-0457-I-1

DATE: April 25, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Simp McCorvey, III</u>, Albuquerque, New Mexico, for the appellant.

<u>Zulema Hinojos-Fall</u>, Esquire, Albuquerque, New Mexico, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1     The agency has filed a petition for review of the initial decision, which dismissed the appellant's termination appeal as withdrawn. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant filed an appeal of her termination from her Licensed Practical Nurse position during her initial year of service.  Initial Appeal File (IAF), Tab 1. As described in the initial decision, while the appeal was pending before the Board, the appellant, who was represented, unequivocally withdrew her appeal during a telephonic conference.  IAF, Tab 8 (withdrawal audio recording), Tab 9, Initial Decision (ID) at 1-2.  The administrative judge found that the appellant's withdrawal of her appeal was knowing and freely made and that she understood that the administrative judge would dismiss the appeal with prejudice to refiling. ID at 2.  The administrative judge dismissed the appeal in a September 28, 2016 initial decision.  ID.  The agency has now petitioned for review, arguing that the appellant withdrew her appeal based on incorrect information, and moves to dismiss the appeal for lack of jurisdiction.  Petition for Review (PFR) File, Tab 1 at 5-6.[2]

---

[2] There is a question regarding the timeliness of the agency's petition for review.  *See* 5 C.F.R. § 1201.114(e).  However, we need not decide the timeliness issue because we find that the administrative judge properly dismissed this appeal as withdrawn.  *Cf. Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005) (stating that, when the Board clearly lacks jurisdiction over an appeal and the record suggests that the question

¶3      Ordinarily, an appellant's withdrawal of an appeal is an act of finality, and in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn. *Rose v. U.S. Postal Service*, 106 M.S.P.R. 611, ¶ 7 (2007). Although the Board may relieve an appellant of the consequences of her decision to withdraw an appeal when the conditions set forth above exist, here the appellant has not indicated that she wants to reinstate her appeal. *Id.* Rather, it is the agency that seeks to have the withdrawn appeal reinstated. PFR File, Tab 1.

¶4      The Board's regulations specify that only an appellant, her designated representative, or a party properly substituted may file an appeal. 5 C.F.R. § 1201.24(a); *Goode v. Department of the Navy*, 93 M.S.P.R. 122, ¶ 6 (2002). This is consistent with the statutory language, which provides that "[a]n employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701(a). Furthermore, the Board has held that it may dismiss an appeal as withdrawn based on the appellant's request, despite the agency's objections. *Kravitz v. Office of Personnel Management*, 75 M.S.P.R. 44, 47-48 (1997). Because only an appellant may file an appeal and the appellant may withdraw her appeal over the agency's objections, we find the agency's petition for review unavailing.[3]

---

of timeliness is close, the better practice is to address the jurisdictional issue and dismiss the appeal on that ground), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006).

[3] We appreciate the agency's candor in admitting that it provided the appellant inaccurate information. According to the agency, it had represented to the administrative judge that the appellant's termination during her probationary period had not been effected, when in fact it had. PFR File, Tab 1, at 5. Although the appellant was placed into a new job, the agency states that its effective date of hire occurred about a month and a half after the effective date of the appellant's probationary period termination. *Id.* Although the agency does not explicitly so state in its petition for review, it appears that this would cause the appellant to have a break in service. The agency, of course, may choose to cure its misrepresentation by correcting the appellant's personnel records, if it has not already done so. The appellant has shown no

¶5        Accordingly, we deny the agency's petition for review.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

indication in the last several years that she wishes to pursue her appeal based upon the agency's misrepresentations.  However, the Board may at any time reopen any appeal in which it has issued a final order.  5 C.F.R. § 1201.118.  The Board will exercise its discretion to reopen an appeal only in unusual or extraordinary circumstances and generally within a short period of time after the decision becomes final.  *Id.*

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.