## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES F. WASKEVICH, JR.,
      Appellant,

      v.

DEPARTMENT OF THE TREASURY,
      Agency.

DOCKET NUMBER
PH-3330-17-0236-I-1

DATE: June 29, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles F. Waskevich, Jr.</u>, Millburn, New Jersey, pro se.

<u>Ariya McGrew</u>, Esquire, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal seeking corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). We DENY the petition for review and, for the reasons discussed below, we VACATE the initial decision and DISMISS the appeal as untimely filed.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2　　On December 24, 2016, the appellant filed a VEOA complaint with the Department of Labor (DOL).  Initial Appeal File (IAF), Tab 1 at 4, 10-12.  In a letter dated February 24, 2017, a DOL investigator informed the appellant that DOL would take no further action to investigate or attempt to resolve his VEOA complaint and that his case was being closed as of that date.  *Id.* at 13.  On April 4, 2017, the appellant filed this Board appeal seeking corrective action under VEOA, and he requested a hearing.  *Id.* at 1-6.

¶3　　The administrative judge apprised the appellant of the elements and burdens of proving jurisdiction, exhaustion, and timeliness regarding a VEOA appeal, and he ordered the parties to respond on those issues.  IAF, Tab 8.  Regarding the timeliness of the Board appeal, the administrative judge informed the appellant that a VEOA appeal must be filed with the Board no later than 15 calendar days after the date on which he received written notice from the Secretary of Labor that DOL had not resolved his complaint.  *Id.* at 5.  The administrative judge further explained that VEOA filing deadlines may not be waived for good cause, but they are subject to equitable tolling.  *Id.* at 6.  He ordered the appellant to file a statement with supporting documentation on the timeliness issue, including whether the filing deadlines should be equitably tolled.  *Id.* at 7.  The parties responded.  IAF, Tabs 9-10, 12, 14-15.

¶4　　Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 18, Initial Decision (ID) at 1, 7.  The administrative judge acknowledged the agency's argument that the appeal is untimely, but he did not make a timeliness finding. ID at 2 n.2.

¶5　　The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has failed a response, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6　　For the following reasons, we vacate the initial decision dismissing the appeal for lack of jurisdiction and we dismiss the appeal as untimely filed. *See Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005) (explaining that the Board generally may dismiss an appeal on timeliness grounds when the record is sufficiently developed on that issue and when Board jurisdiction remains unresolved), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006). An appellant has the burden of proving by preponderant evidence the timeliness of his Board appeal. 5 C.F.R. § 1201.57(c)(2). Pursuant to 5 U.S.C. § 3330a(d)(1)(B), a complainant must file a VEOA appeal with the Board within 15 days after he receives written notification from DOL that his VEOA complaint has not been resolved. *See Gingery v. Department of the Treasury*, 110 M.S.P.R. 83, ¶ 23 (2008). Failure to meet this 15-day statutory filing deadline will result in the dismissal of the VEOA appeal on timeliness grounds unless the appellant can establish a basis for equitable tolling. *Id.*, ¶¶ 24-25 (remanding the VEOA appeal for the administrative judge to provide the parties an opportunity to address whether the 15-day filing deadline should be equitably tolled); *see also Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 6 (2007) (explaining that the 15-day filing deadline cannot be waived and that the Board must dismiss an appeal filed beyond that deadline, but also that the deadline is subject to equitable tolling). The U.S. Supreme Court explained in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), that Federal courts have "typically extended equitable relief only sparingly" and that the Court had allowed equitable tolling when the complainant "has actively pursued his judicial remedies by filing a defective pleading during the statutory period" or when he has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *See Gingery*, 110 M.S.P.R. 83, ¶ 24.

¶7　　As an initial matter, we find that the appellant has received clear notice of the precise timeliness issue in this appeal and a full and fair opportunity to

litigate it. *See Wright v. Department of Transportation*, 99 M.S.P.R. 112, ¶¶ 12-13 (2005) (finding that the appellant was entitled to clear notice of the precise timeliness issue in the appeal and a full and fair opportunity to litigate it). The administrative judge informed the appellant of the 15-day deadline for filing a VEOA appeal with the Board, that the deadline is subject to equitable tolling, and of the circumstances under which the Board may apply equitable tolling. IAF, Tab 8 at 5-6. Further, the parties' responses to the jurisdictional order show that the appellant understands that there is a question regarding the timeliness of his Board appeal that depends on whether he received sufficient written notice from DOL to trigger the start of the 15-day filing period on February 24, 2017, or on March 21, 2017. IAF, Tabs 9-10, 12, 14-15; *see Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 10 (2007) (stating that, before dismissing an appeal as untimely filed, the administrative judge is required to inform the appellant of the date that a document triggering the right to appeal is presumed to have been received); *see also Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 9 (2009) (explaining that an administrative judge's failure to provide an appellant with proper notice regarding a timeliness issue can be cured by the agency's pleadings or the initial decision).

¶8        After reviewing the parties' evidence and argument on the timeliness issue, we find that the appellant has failed to prove that he timely filed his VEOA appeal within the 15-day statutory deadline.[2] The agency's evidence shows that the DOL investigator sent the appellant an email on February 24, 2017, which informed him that his case had been closed on that date, attached copies of the closing letters addressed to him and to the agency, and asked him for his mailing address to send him the original letters. IAF, Tab 12 at 5. The appellant responded to this evidence by arguing that the closing letters attached to the email were draft, unsigned copies that had not yet been issued. IAF, Tab 14 at 5. He

---

[2] The parties' submissions on review do not address the dispositive timeliness issue. PFR File, Tabs 1, 3-4.

further argued and provided evidence that he received a signed, issued closing letter on March 21, 2017. *Id.* at 4-6. However, he does not dispute that he received the February 24, 2017 email and its attachments. Even assuming, without finding, that the appellant's assertions are true, we find that the February 24, 2017 email constitutes sufficient written notice to trigger the start of the 15-day filing period because the email clearly informed him that his case had been closed. *See* 5 U.S.C. § 3330a(c)(2), (d)(1)(B); *see also Shaver v. Department of the Air Force*, 106 M.S.P.R. 601, ¶ 4 n.2 (2007) (stating that the 15-day deadline to file a Board appeal does not begin to run until the complainant receives notice, in writing, that DOL's efforts to investigate and resolve the complaint did not result in resolution of the complaint). Thus, the appellant untimely filed his Board appeal on April 4, 2017, beyond the 15-day statutory deadline. *See* 5 C.F.R. § 1201.14(m). Moreover, we find that the appellant has not established any of the limited bases for equitably tolling the deadline. *See Gingery*, 110 M.S.P.R. 83, ¶ 24. To the extent the appellant mistakenly believed that the 15-day filing deadline would not begin to run until he received a signed original closing letter, we find that this does not provide a basis for applying equitable tolling in this matter. Accordingly, we dismiss this appeal as untimely filed.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.