**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ELLAMAY ARTIS,
        Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
AT-0752-21-0374-I-1

DATE:  November 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nathaniel David Johnson</u>, Esquire, Waldorf, Maryland, for the appellant.

<u>Kristin Langwell</u>, Esquire, Hines, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction.[2]  On petition

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2]  The appellant's petition for review was untimely filed by 3 days.  Initial Appeal File, Tab 7, Initial Decision at 6; Petition for Review File, Tab 1.  However, in light of our findings regarding the Board's lack of jurisdiction over this appeal, we need not reach the question of whether the appellant had good cause for the untimely filing.  *See Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005) (stating that the

for review, the appellant claims that the administrative judge did not consider the full record and continues to argue the merits of her appeal. Petition for Review (PFR) File, Tab 1 at 13-18. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the appropriate burden of proof placed on the agency in taking an action under 38 U.S.C. § 714, we AFFIRM the initial decision.

¶2      The administrative judge correctly found that the appellant failed to nonfriovlously allege that her resignation was coerced or otherwise involuntary, and thus, it is outside of the Board's jurisdiction. Initial Appeal File (IAF), Tab 7, Initial Decision (ID) at 5-6.[3] The appellant's arguments on review do not

existence of Board jurisdiction is the threshold issue in adjudicating an appeal and ordinarily should be determined before reaching the issue of timeliness), *aff'd*, 191 F. App'x 954 (Fed. Cir 2006).

[3] Below, the appellant argued, among other things, that she was subjected to harassment and discrimination on the basis of race. IAF, Tab 5 at 6, 8-10. The administrative judge appropriately considered this claim within the context of the voluntariness of the appellant's resignation, but ultimately reasoned that "the appellant could have filed an [equal employment opportunity (EEO)] complaint to address her concerns and awaited the outcome." ID at 5. This appears to be a misstatement of the record. In a declaration submitted below, the appellant stated that: (1) she filed an EEO complaint on July 17, 2019; (2) the initial investigator found in her favor; and (3) the agency assigned the EEO complaint to a second investigator thereafter, who, according to the

provide a basis to disturb this finding.[4]  As a part of this finding, the administrative judge acknowledged the appellant's challenges to her proposed removal but found that the agency "had a good faith basis upon which to propose the appellant's removal," especially under the lighter substantial evidence standard set forth at 38 U.S.C. § 714(c)(2)(A).  ID at 6 (citing 38 U.S.C. § 714(c)(2)(A)).[5]

¶3    Although 38 U.S.C. § 714(d)(2)(A) provides that an administrative judge shall uphold an agency's decision to, among other things, remove an employee if the decision is supported by substantial evidence, the U.S. Court of Appeals for the Federal Circuit clarified in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (2021) that the Department of Veterans Affairs may only

appellant, "ultimately reached a result consistent with Orlando VA managers' objectives."  IAF, Tab 5 at 9-10.  Despite the misstatement of the record in the initial decision, neither the initial report nor subsequent report of the investigators' findings are in the record, and we are, therefore, unable to consider their context in assessing the voluntariness of the appellant's August 2020 resignation.  As such, this adjudicatory error did not prejudice the appellant's substantive rights and does not provide a basis to disturb the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of the initial decision).

[4] On review, the appellant continues to argue that her working conditions were so intolerable that she felt compelled to resign.  PFR File, Tab 1 at 13-18.  In addition to the circumstances discussed by the administrative judge, she also argues on review that, in April 2020, while reviewing her personnel file, she learned that a performance appraisal dated September 30, 2019, had been placed in her personnel file without notification by the rating official.  *Id.* at 12.  The performance appraisal rated her performance as "Not Fully Acceptable," while her previous performance appraisals rated her as "Fully Successful."  *Id.* at 43-57, 108-13.  This argument appears to be raised for the first time on review, and thus, was not considered by the administrative judge.  IAF, Tabs 1, 5; PFR File, Tab 1.  Generally, the Board will not consider an argument raised for the first time on review absent a showing of new and material evidence not previously available before the record closed despite the party's due diligence. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶6 (2016).  Here, the performance appraisal is dated November 5, 2019, and the appellant became aware of it on April 20, 2020.  PFR File, Tab 1 at 12, 112.  The record in this appeal closed on or around May 26, 2021.  The appellant has not explained why she was unable to make this argument below.

[5] The administrative judge's citation to 38 U.S.C. § 714(c)(2)(A) appears to be a typo; he likely intended to reference section 714(d)(2)(A).

take the action in the first instance when it is supported by preponderant evidence. Thus, as is relevant here, in order for the appellant to show that her resignation was involuntary, she needed to show that the agency knew that it could not prove the charges against her by preponderant evidence. *See Rodriguez*, 8 F.4th at 1296-1301; *see also Barthel v. Department of the Army*, 38 M.S.P.R. 245, 250-51 (1988) (explaining that, if an appellant can show that the agency knew that the reasons for a proposed action could not be substantiated, the proposed action would be purely coercive and would render the resulting retirement involuntary, his appeal within the Board's jurisdiction, and entitle him to reinstatement).

¶4          Here, the appellant's arguments regarding the merits of the proposed removal, namely, that the proposal was "rife with factual errors" and that the agency could not prove that she engaged in misconduct that warranted removal, are vague and conclusory, and thus, do not even meet the nonfrivolous allegation standard. PFR File, Tab 1 at 11; *see* 5 C.F.R. § 1201.4(s) (stating that a nonfrivolous allegation must be, among other things, more than conclusory). Notably, she has not challenged any of the five charges brought by the agency or explained in detail why the agency's action could not be substantiated.[6] IAF, Tabs 1, 5; PFR File, Tab 1. Accordingly, we find that the appellant failed to nonfrivolously allege that the agency knew that its action was not supported by a preponderance of the evidence.

¶5          Additionally, the appellant has submitted several documents with her petition for review, including a declaration, several performance appraisals, the notice of proposed removal, her response thereto, and the decision of removal, several Standard Form 50s, her resignation letter, her July 2019 equal

---

[6] The record includes the appellant's reply to the proposed removal, which she submitted during the agency's proceedings prior to the instant appeal. IAF, Tab 6 at 58-69; PFR File, Tab 1 at 91-102. The appellant has not referenced this document, except to allege that the agency did not consider it, nor has she made any of the arguments contained therein in any of her pleadings before the Board. IAF, Tabs 1, 5; PFR File, Tab 1.

employment opportunity (EEO) complaint, and email correspondence regarding the reassignment of her EEO complaint. PFR File, Tab 1 at 35-124. To the extent that any of these documents were not included in the record below, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).

¶6        Here, all of the documents submitted with the appellant's petition for review were available—or contained information that was available—on or before the record closed below, and the appellant has not explained why she was unable to submit them then, nor has she explained how they are otherwise of sufficient weight to warrant an outcome different than that of the initial decision. PFR File, Tab 1. Thus, none of the documents provide a basis to grant the petition for review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

### NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


Jennifer Everling

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.