**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES FRANCIS KELLY,<br>            Appellant, | DOCKET NUMBER<br>DC-315I-19-0273-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>            Agency. | DATE: March 8, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James Francis Kelly, APO, APO/FPO Europe, pro se.

Victoria R. Gulasarian, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of Board jurisdiction his appeal contesting the agency reducing his grade and pay after he failed to complete his supervisory probationary period. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the appellant's petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On October 1, 2017, the agency promoted the appellant from the nonsupervisory position of Contract Specialist, General Schedule grade 12 (GS-12), step 6, to the position of Supervisory Integrated Acquisition/Supply Team Specialist, GS-13, step 3. Initial Appeal File (IAF), Tab 9 at 31-32.[2] The appellant's promotion was subject to his satisfactory completion of a 1-year supervisory probationary period. *Id*. at 32; *see* 5 U.S.C. § 3321(a)(2); 5 C.F.R. § 315.901. After the agency determined that the appellant failed to satisfactorily complete his supervisory probationary period for reasons related to performance and conduct, it reduced his grade and pay, effective September 30, 2018, and placed him back in a Contract Specialist position at the GS-12, step 9, level.[3] IAF, Tab 9 at 12, 14-17. All of these positions were in the competitive service. *Id*. at 12, 31.

On February 7, 2019, the appellant filed this instant Board appeal contesting his reduction in grade and pay. IAF, Tab 2. The administrative judge provided the appellant with notice of his burden and the ways to establish

---

[2] The promotion resulted in a pay increase from $73,177/yearly to $79,556/yearly. IAF, Tab 9 at 31.

[3] The action resulted in a pay decrease from $80,670/yearly to $80,560/yearly. IAF, Tab 9 at 12.

jurisdiction over this claim.  IAF, Tab 4 at 2-3.  After providing both parties with the opportunity to file argument and evidence on the issue of jurisdiction, the administrative judge issued an initial decision dismissing the appeal.  IAF, Tab 10, Initial Decision (ID) at 1-4.  The administrative judge determined that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction.[4]  *Id.*  The appellant's petition for review followed, to which the agency filed a response, and the appellant filed a reply.  Petition for Review (PFR) File, Tabs 1, 4, 6-7.[5]

An individual must serve a probationary period before an initial appointment to a supervisory position in the competitive service becomes final.[6]  5 U.S.C. § 3321(a)(2); 5 C.F.R. § 315.901.  Pursuant to 5 U.S.C. § 3321(b), when an individual has not satisfactorily completed his supervisory probationary period, the agency shall return him to a position of no lower grade and pay than the position from which he was promoted.  *See* 5 C.F.R. § 315.907(a).  The only basis for Board jurisdiction to review an agency invoking its authority pursuant to 5 U.S.C. § 3321(b) is if the appellant sets forth a nonfrivolous allegation that the

_____

[4] The administrative judge never reached a conclusion on whether the appellant timely filed his initial appeal due to the appeal's clear jurisdictional defect.  ID at 2 n.1.  When an appeal is clearly lacking in jurisdiction and the record also suggests a close timeliness issue, the better practice is to address jurisdiction and dismiss the appeal on that ground.  *Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006).

[5] The Board granted the appellant an extension until June 13, 2019, to file a reply to the agency's response to his petition for review.  PFR File, Tab 5.  The appellant filed his reply with the regional office on June 13, 2019, and we have considered it on review.  PFR File, Tab 7 at 1; *see Coles v. U.S. Postal Service*, 105 M.S.P.R. 516, ¶ 12 (2007) (explaining that a petition for review mistakenly filed with the regional office within the deadline for filing a petition for review is deemed a timely filing with the Board).  On June 21, 2019, the appellant filed another pleading with the Board related to his reply and submitted evidence to support his claim that the untimely filing was due to a medical condition.  PFR File, Tab 6 at 2-5.  Because the appellant showed good cause for his untimely filing, we also considered the June 21, 2019 pleading.  *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998) (holding that the Board will find good cause to waive its filing time limits where a party demonstrates that he suffered from a medical condition that impacted his ability to file on time).

[6] The appellant did not contest that he was subject to a supervisory probationary period.  IAF, Tabs 2-3, 6; PFR File, Tabs 1, 3, 6-7.

agency took such a reduction action based on his marital status or partisan politics discrimination. *De Cleene v. Department of Education*, 71 M.S.P.R. 651, 656 (1996); 5 C.F.R. § 315.908; *see* 5 U.S.C § 7512(C). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation will generally be considered nonfrivolous when, under oath or the penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id.*

As an initial matter, when the agency reduced the appellant's grade and pay for not satisfactorily completing his supervisory probationary period, it placed him in a position at the same grade, with no lower pay, from which he was promoted, in accordance with 5 U.S.C. § 3321(b).[7] IAF, Tab 9 at 12, 31-32. The appellant has not alleged that the agency reduced his grade and pay due to his marital status or for political partisan reasons. IAF, Tabs 2-3, Tab 4 at 2-3, Tab 6; PFR File, Tabs 1, 3, 6-7. Thus, we agree with the administrative judge's conclusion in the initial decision that the appellant failed to set forth a nonfrivolous allegation of Board jurisdiction. ID at 1-4; *see De Cleene*, 71 M.S.P.R. at 656 (dismissing for lack of jurisdiction an appeal of an agency returning the appellant to his prior position before completion of his supervisory probationary period because he failed to nonfrivolously allege that such action was taken due to discrimination based on marital status or partisan politics). The appellant's remaining arguments raised on review, many of which concern the merits of his reduction in grade and pay, provide no basis to overturn the initial decision.[8] *Burton v. Department of the Air Force*, 118 M.S.P.R. 210, ¶ 16 (2012).

---

[7] In fact, the appellant received a higher pay than he was receiving before he was promoted. IAF, Tab 9 at 12, 31-32.

[8] To the extent that the appellant contests the agency's decision to suspend and terminate his warrant authority and take away his duties as a supervisor, such claims are not adverse actions directly appealable to the Board. 5 U.S.C. §§ 7512, 7701(a); PFR File, Tab 1 at 2.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                   _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.