**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


| | |
|---|---|
| BARBARA CARR, | DOCKET NUMBER |
| Appellant, | CH-3443-18-0142-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: March 20, 2024 |
| Agency. | |


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Arthur D. Cox</u>, Vine Grove, Kentucky, for the appellant.

<u>C. Mike Moulton</u>, Esquire, Elizabethtown, Kentucky, for the appellant.

<u>Glenn Houston Parrish</u>, Esquire, Fort Knox, Kentucky, for the agency.


**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman


**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed the appeal of a reduction-in-force (RIF) action for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  For the reasons set forth below, we VACATE the administrative judge's findings on the merits of the appeal, and we AFFIRM the initial decision as MODIFIED to clarify the administrative judge's jurisdictional analysis.  Except as expressly indicated in this Final Order, the initial decision of the administrative judge is the Board's final decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the Board lacks jurisdiction over the appellant's appeal of a RIF action.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant bears the burden of proving the Board's jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  An appellant generally is entitled to a jurisdictional hearing if she makes a nonfrivolous allegation[2] of Board jurisdiction over the appeal. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 6 (2013). RIF actions are not appealable to the Board under 5 U.S.C. chapter 75.  *Smith v. Department of the Air Force*, 117 M.S.P.R. 488, ¶ 5 (2012); *see* 5 U.S.C.

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

§ 7512(B). However, an employee who has been furloughed for more than 30 days, separated, or demoted by a RIF action may appeal to the Board under 5 C.F.R. § 351.901. Thus, to establish the Board's jurisdiction over a RIF appeal, an appellant must show that she was furloughed for more than 30 days, separated, or demoted by the RIF action. *Adams v. Department of Defense*, 96 M.S.P.R. 325, ¶ 9.

Here, the appellant has not alleged, and the record does not suggest, that she was furloughed for more than 30 days or was separated by a RIF action. Instead, the record reflects that she accepted a reassignment from the position of Physician (Emergency Medicine), GP-0602-14, to the position of Physician (Family Practice), GP-0602-14, as part of a RIF. Initial Appeal File (IAF), Tab 12 at 28, 30-31. Therefore, the relevant jurisdictional issue here is whether the appellant was demoted by a RIF action. *See Myers v. Department of the Army*, 87 M.S.P.R. 77, ¶ 5 (2000) (observing that an employee reassigned during a RIF can only appeal to the Board if the reassignment was a RIF demotion). For purposes of 5 C.F.R. § 351.901, "demotion" means a change of an employee, while serving continuously within the same agency: (i) to a lower grade when both the old and the new positions are under the General Schedule or under the same type graded wage schedule; or (ii) to a position with a lower rate of pay when both the old and the new positions are under the same type ungraded wage schedule, or are in different pay method categories. 5 C.F.R. § 210.102(b)(4); *see Smith*, 117 M.S.P.R. 488, ¶ 5.

Here, in determining whether the appellant satisfied either prong of the definition of "demotion," the administrative judge found that the appellant did not suffer an appealable RIF demotion because she was not reassigned to a lower grade and she was not assigned to a position with a lower rate of pay. IAF, Tab 20, Initial Decision (ID) at 4. Although we agree with the administrative judge's ultimate finding that the appellant did not suffer an appealable RIF

demotion, we modify the initial decision to clarify the administrative judge's jurisdictional analysis, as follows.

Although the position descriptions for the appellant's current and former Physician positions use the pay plan code "GP," both positions are part of the General Schedule pay system. IAF, Tab 12 at 8, 13, 17, 25-26; *see Fact Sheet: Pay Plans*, U.S. Office of Personnel Management, https://www.opm.gov/policy-data-oversight/pay-leave/pay-administration/fact-sheets/pay-plans/ (last visited Mar. 20, 2024); *see also Bosco v. Department of the Treasury*, 6 M.S.P.R. 471, 474 (1981) (finding that OPM makes the final determination of whether a given position or type of position should be included in the General Schedule). Therefore, the relevant definition of "demotion" is the one set forth at 5 C.F.R. § 210.102(b)(4)(i). It is undisputed that the appellant's old and new positions are at the same grade level. Therefore, we find that the appellant has failed to make a nonfrivolous allegation that she suffered an appealable RIF demotion. *See Buckheit v. U.S. Postal Service*, 107 M.S.P.R. 52, ¶ 11 (2007) (finding that the Board lacks jurisdiction over the appellant's reassignment from one PS-5 position to another under 5 C.F.R. part 351). Moreover, we find that whether the appellant suffered a reduction in pay or a change in pay rate is immaterial to the dispositive jurisdictional issue. *See McDonald v. Department of Veterans Affairs*, 86 M.S.P.R. 539, ¶ 13 (2000) (finding that, because the appellant occupied a "graded" position before and after his reassignment, the fact that he was receiving "a lower rate of pay" under 5 C.F.R. § 210.102(b)(4)(ii), was irrelevant to the determination of whether an appealable RIF action was effected); *Glennon v. Department of Veterans Affairs*, 86 M.S.P.R. 340, ¶ 11 (2000) (finding that, although the appellant's pay would be reduced as a result of a reassignment from one graded position to another, she did not suffer an appealable RIF demotion because she was not reduced in grade).

In her petition for review, the appellant reasserts her argument that she is not qualified for the Physician (Family Practice) position to which she was

reassigned as a result of a RIF. Petition for Review (PFR) File, Tab 1 at 4-11; IAF, Tab 1 at 6. In particular, she argues that the agency violated the RIF procedures set forth at 5 C.F.R. part 351, the qualification standards of the Office of Personnel Management for Physician positions, and the agency's own regulation, "AR 40-68 8-7 b.(2)j(1)(d)," and its policy. PFR File, Tab 1 at 6-11; IAF, Tab 12 at 25-27. We find that the appellant's arguments on the merits of the appeal are immaterial to the dispositive jurisdictional issue. Although the appellant cites *Ratkus v. General Services Administration*, 12 M.S.P.R. 464, 465-66 (1982), for the proposition that an agency's determination as to the qualifications for a position is subject to review by the Board under 5 C.F.R. part 351, we find that *Ratkus* is distinguishable from the instant appeal because the appellant in *Ratkus* was subjected to an appealable RIF action (i.e., a separation) under 5 C.F.R. § 351.901. PFR File, Tab 1 at 9.

Further, the appellant challenges on review the administrative judge's findings that the agency did not waive an education requirement, the agency waived any requirement of Board certification in Family Practice, and the agency complied with the RIF procedures under 5 C.F.R. part 351. PFR File, Tab 1 at 6, 8-9; ID at 3-4 & n.1. Because we find that the appellant has failed to make a nonfrivolous allegation of an appealable RIF action under 5 C.F.R. § 351.901, we vacate those findings on the merits of the agency's action. *See Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005) (explaining that the existence of Board jurisdiction is the threshold issue in adjudicating an appeal), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006); *see also Adams*, 96 M.S.P.R. 325, ¶ 12 & n.* (declining to reach the issue of an inconsistency in OPM's RIF regulations when the Board lacked jurisdiction over the appellants' RIF reassignments that did not result in appealable RIF actions); *cf. Sobol v. U.S. Postal Service*, 68 M.S.P.R. 611, 614 (1995) (vacating the addendum initial decision concerning a motion for attorney fees because the Board lacked jurisdiction over the merits of the underlying appeal of a RIF reassignment).

Accordingly, we affirm the dismissal of the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.